Associated Gulf Land Corporation, John E. Pilcher, Jody T. Pilcher III, Emmie S. Pilcher, Mary E. Pilcher; and Pilcher Land Corporation and Anne G. Pilcher, as executors of the estate of Joe T. Pilcher, Jr., deceased (hereinafter "taxpayers"), filed a seven-count complaint against the Baldwin County tax assessor, the Baldwin County tax collector, and the Baldwin County Commission (hereinafter "Baldwin County tax officials") and against the State Department of Revenue and the treasurer of the State of Alabama (hereinafter "State tax officials"). The taxpayers sought a judgment declaring that as a result of the withdrawal of the favorable "current use" rate of taxation for seven parcels of land, the State and county tax officials had violated the taxpayers' rights to due process and equal protection guaranteed under the Fourteenth Amendment to the United States Constitution and Amendment 373 to the Alabama Constitution. The taxpayers also requested certification of a class of plaintiffs; that request was denied.
The Baldwin County and State tax officials moved for summary judgments, contending that the taxpayers could not establish the essential elements of their claims. The trial court entered a summary judgment for each set of tax officials with respect to all claims. The plaintiffs appeal.
The dispositive issue on appeal is whether the tax assessor erred in revoking *Page 747 
the taxpayers' current-use valuation on the parcels in question.
In 1989, the tax assessor received complaints from taxpayers within his jurisdiction concerning alleged abuses of the current-use statutes. Accordingly, the tax assessor reviewed all parcels that were receiving current-use treatment, in order to determine whether they should be allowed to continue to receive the tax benefits of the current-use statutes. The current-use applications on file for the parcels in question requested current-use treatment on the basis that the parcels were timberland. Upon review, the tax assessor found that the parcels did not qualify for current-use treatment because several parcels contained only scattered pines, which were small and not being harvested; one parcel was a lot with a summer home and had no trees; and the other parcels were Gulf-front lots with no trees.
The tax assessor revoked the current-use status of the parcels in question and reclassified them from Class III property to Class II property. However, because of a question of proper notification to the taxpayers, the current-use elections for 1991 were reinstated, but the tax assessor's office simultaneously informed the taxpayers that the current-use elections would be disallowed for the tax year 1992.
In 1992, all parcels in Baldwin County were reviewed by the tax assessor for assessment purposes. The plan adopted by the tax assessor was utilized throughout the county, and all parcels having current-use benefits were evaluated and classified on their own merits. The plan did not target any particular area of the county to review, but rather reviewed all parcels. Any property that did not meet the definition of Class III property had the current-use elections disallowed. After a review of the property, taxpayers were notified of the assessment of their property by valuation notices mailed to the property owners. These notices contained, among other things, the parcel number; the classification of the parcel; a statement as to whether the property was assessed at its fair market value or at another value, such as current use; and the estimated tax for that tax year. Specifically, the notice provided:
 "This notice is to advise you of the fair and reasonable market value of the property for ad valorem tax purposes. If you have evidence that the value indicated below is excessive, or that there is some error in ownership or in description, you will be provided a hearing. The hearing will be by appointment only. If you desire an appointment, write to: Tax Assessor's Office, Baldwin County Courthouse, P.O. Box 1389, Bay Minette, Alabama 36507."
The taxpayers did not request a hearing before the tax assessor, but instead requested a hearing before the board of equalization ("board"). After the board denied the requested relief, the taxpayers filed this declaratory judgment action.
In Alabama, all property is divided into four classifications for purposes of ad valorem taxation. See Ala. Code 1975, §40-8-1. As a general rule, for the purpose of assessment, real and personal property is to be appraised at its fair and reasonable market value. § 40-7-15. However, upon a request by the owner of certain property, the assessor may base the appraisal of the value of the property on its current use and not on its fair and reasonable market value. To qualify for current-use assessment, property not only must be the subject of an application, but also must qualify under the terms of the statute. Owners of agricultural and forest property, single-family property, owner-occupied residential property, and historic buildings that qualify for treatment as Class III property are given the option of having their property appraised at either its fair market value or its current-use value. Ala. Code 1975, § 40-7-25.1(a). The current-use method reflects only the value of the property based on the use being made of the property at the time of appraisal. Ala. Code 1975, §40-7-25.1.
Pursuant to § 40-7-1 et seq., the tax assessor has the right and authority not only to assess all real estate but also to prescribe the proper bookkeeping method to be used in determining the assessment. If for any reason a manifest error is found in the calculation of the amount of taxes due, or if any mechanical error is found in the computation *Page 748 
of the tax due, the tax assessor is authorized to correct the error. § 40-7-9. Clearly, the tax assessor has the authority to reclassify property. Daffin v. Scotch Lumber Co., 226 Ala. 33,145 So. 452 (1933).
The record reveals that the tax assessor determined, pursuant to the applicable statute, that the parcels of land in question did not qualify for current-use valuation and, therefore, appraised them based on their fair market value. Further, the record reveals that the taxpayers received adequate notice of this valuation and were afforded an opportunity to contest the assessments. The taxpayers presented no evidence that the classification of the parcels in question was incorrect. In other words, the taxpayers presented no evidence that the parcels in question were entitled to the benefits of the current-use law.
The judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.